UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOSA JAMAL ALMAHDI,
a/k/a MOSA JAMAL AL-MAHDI,

    Defendant.
_____/

No.   1:15-CR-131

Hon. Robert J. Jonker,
Chief United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Mosa Jamal Almahdi (hereinafter, "Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 921(a), and 18 U.S.C. § 924(a)(2).

2.     <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating 18 U.S.C. § 922(g)(1), 18 U.S.C. § 921(a), and 18 U.S.C. § 924(a)(2) as charged in Count One of the Indictment, the following must be true:

    a.     Defendant knowingly possessed the following firearms: a Beretta, Model 92FS, 9mm semiautomatic pistol, Serial Number K99484Z; and a Remington, Model 1911 R1S, .45 caliber semiautomatic pistol, Serial Number partially obscured;

b. At the time he possessed the firearms, Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

c. The possession of the firearms was in or affecting commerce.

Defendant agrees that he committed these elements of the offense on June 25, 2015 in Kalamazoo County, in the Southern Division of the Western District of Michigan.

Defendant is pleading guilty because he is guilty of this crime.

3. Defendant Understands the Penalties. The statutory sentence the Court may impose for Count One is not more than 10 years in prison; a fine of not more than $250,000; not more than 3 years of supervised release, and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. Low End Recommendation. The U.S. Attorney's Office agrees to recommend that the Defendant be sentenced at the low end of the applicable Sentencing Guidelines range.

5. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction.

6. Possibility of Sentence Reduction Motions. The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing

Guidelines § 5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the Government, would decide how much of a sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance. The Defendant acknowledges and agrees that Defendant may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

7. <u>Defendant Understands Supervised Release</u>. Supervised release is a period of time following any term of imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

8. <u>Asset Forfeiture and Financial Accountability</u>. Defendant agrees to forfeit the firearms and magazines listed in subparagraphs 1 through 13 of the forfeiture allegation of the Indictment. Defendant admits that he possessed these firearms and magazines as part of the

offenses charged in Counts One and Two of the Indictment and that these firearms and magazines are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 18 U.S.C. § 922(g)(1). Defendant consents to the administrative forfeiture of these items. If administrative forfeiture is not consummated as to these items, Defendant consents to the entry of a preliminary order of forfeiture for these items at or before the time of sentencing. Defendant agrees to cooperate with the United States to ensure that these items are forfeited to the United States. Such cooperation shall include, but not be limited to, testifying truthfully in any ancillary criminal forfeiture proceeding or in any civil forfeiture action and not assisting any individual, corporate entity, or other third party making a claim to these items. If the United States must file a civil forfeiture action to forfeit these items, Defendant agrees not to contest the civil forfeiture action.

9. <u>Non-Prosecution Agreement</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to further prosecute Defendant for violations of felon in possession of firearm statutes, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 921(a), and 18 U.S.C. § 924(a)(2), arising out of the firearms-related conduct charged in the Indictment about which the government has knowledge. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

10. <u>Dismissal of Remaining Counts</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining count (Count Two) of the Indictment at the time of sentencing.

11. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the

Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

12.    <u>Waiver of Appeal and Collateral Attack</u>.  Defendant understands that the law affords Defendant the right to appeal the sentence imposed. Acknowledging this, Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742. Defendant also retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. In addition,

Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender. Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney's Office in this plea agreement, including those enumerated in paragraphs four, six, nine, and ten of this agreement. Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). This agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

13. <u>Waiver of FOIA and Privacy Act Rights</u>. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>This Agreement is Limited to the Parties</u>. This Plea Agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This Agreement applies only to crimes committed by Defendant. This Plea Agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this Plea Agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this Agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this Agreement.  In the event that the United States elects to terminate this Plea Agreement, the Agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this Agreement, as though no Agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this Plea Agreement.

16. <u>This Is the Complete Agreement</u>.  This Plea Agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
Acting United States Attorney

5/30/17

Date

CLAY M. WEST
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the

7

consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

05/30/17
Date

MOSA JAMAL ALMAHDI
Defendant

I am Mosa Jamal Almahdi's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

5-30-17
Date

ANASTASE MARKOU
Attorney for Defendant